UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAMARA L. DALESANDRO, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CHC COMPANIES, INC., d.b.a. CORRECTIONAL HEALTHCARE COMPANIES, et al.,<br><br>    Defendants. | Case No. 5:14-CV-01275-JRA<br><br>The Honorable John R. Adams<br><br>**STIPULATED ORDER GRANTING CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND PROPOSED NOTICE** |

   This matter is before the Court on the on the Parties' Joint Motion for Conditional Collective Action Certification and Approval of Proposed Notice to Putative Plaintiffs.  As the Parties to this Stipulated Order have agreed to its entry; it is hereby ORDERED:

   1. At the Court's January 20, 2015 Case Management Conference, the Parties advised the Court that they had reached agreement on conditional certification of the Fair Labor Standards Act claim that Named Plaintiffs Tamara Dalesandro and Karen King bring in Count I of their Second Amended Complaint.

   2. While Defendants believe they have a good faith basis for arguing that Plaintiffs and other Licensed Practical Nurses working for Defendants are not "similarly situated" for purposes of conditional certification and sending court-supervised notice under 29 U.S.C. § 216(b), and while Defendants also contend that any conditionally certified action will eventually be decertified by the Court, the parties have agreed that, solely to preserve resources, in the interests of judicial economy, and in lieu of protracted briefing on the question, the parties will stipulate to the Court's conditional collective action certification and authorization of issuance of notice in this case for the Putative Plaintiffs defined below.  (*See* Joint Motion, Doc. No.____.)

Having reviewed the matter and been apprised of the parties' agreement, the Court hereby Grants the parties' Joint Motion for Conditional Collective Action Certification and Approval of Proposed Notice to Putative Plaintiffs.

3. The Court hereby conditionally certifies a collective action of the following individuals ("Putative Plaintiffs"):

> Any person who worked for Defendant CHC Companies, Inc., d.b.a. Correctional Healthcare Companies, and/or its successor Correct Care Solutions, LLC at the Portage County Justice Center and/or Mahoning County Justice Center as a Licensed Practical Nurse within the period beginning three years prior to date of filing of the original complaint in this matter, Doc. No. 1, June 12, 2014.

4. Within fourteen (14) business days of this order, Defendants shall deliver to Plaintiffs' counsel a list of the names, last known addresses and last known non-company email addresses of all Putative Plaintiffs. Within ten (10) days from Plaintiffs' counsel's receipt of the list of Putative Plaintiffs, Plaintiffs' counsel shall cause to be mailed, and/or emailed at their expense, the Notice and Opt-In Consent Form to the Putative Plaintiffs attached as Exhibit A.

5. The Opt-in period during which Putative Plaintiffs may join this lawsuit shall close thirty-six (36) days after the date Notice is mailed. If Plaintiffs' counsel receives the mailing returned as undeliverable or a new address is provided and/or received during the 36 day Opt-in period, Plaintiffs' counsel will have seven (7) days to seek a new address and re-send the Notice and the specific individual to whom the Notice was redirected will then have 36 days from its mailing to return the Opt-in form. The reissuance or redirecting of Notice under this provision will not impact the Employee Opt-in period for any other potential opt-ins or for purposes of calculating any other dates on the case schedule.

6. Nothing in this order shall be construed to waive, prejudice, or impact any arguments by Defendants with respect to whether this case should ultimately proceed as a

collective action at trial, whether the Plaintiffs and any putative Plaintiffs have been properly compensated under the FLSA, or any other issue or argument that may relate to decertification or the merits of this case.  This order, and Defendants' consent to conditional collective action certification, shall in no way be considered an admission by Defendants that final collective action certification is appropriate or that any of the named Plaintiffs or Putative Plaintiffs have any viable claims against the Defendants.  Defendants have the right to move for decertification of the conditional class in accordance with the Scheduling Order entered in this matter.

*So Ordered.*

| 2/4/15 | /s/ John R. Adams |
|---|---|
| Dated | U.S. District Judge John R. Adams |